UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

United States of America,

                     Plaintiff,

v.

Kurtis Lavonte Gordon-Greenwood,

                     Defendant.

_____

No. 23-cv-0339 (1) (DWF/DLM)

**ORDER ON MOTION TO RECONSIDER DETENTION**

On March 26, 2024, Mr. Gordon-Greenwood filed a motion to reconsider the Court's earlier decision to detain him. (Docs. 38 (amended detention order), 72 (motion for reconsideration).) The government filed its response on March 29, 2024, opposing Mr. Gordon-Greenwood's motion. (Doc. 76.) Based on those submissions and the evidence adduced at Mr. Gordon-Greenwood's initial detention hearing, the Court concludes that Mr. Gordon-Greenwood has not met his burden to identify information not known at the time of the initial detention hearing which has a material bearing on the Court's detention order. *See* 18 U.S.C. § 3142(f)(2)(B). Therefore, Mr. Gordon-Greenwood's motion is denied.

## BACKGROUND

On November 9, 2023, Mr. Gordon-Greenwood was charged by indictment with one count of Conspiracy to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count 1), one count of Attempted Possession with the Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count

4), and one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 5). (Doc. 1 at 1, 2, 3.) Count 1 alleges that the drug conspiracy occurred from about March 2022 through July 8, 2022. (*Id.* at 1.) Counts 4 and 5 allege that Mr. Gordon-Greenwood attempted to possess fentanyl and possessed a firearm on July 8, 2022. (*Id.* at 2-3.)

Mr. Gordon-Greenwood was arrested on this matter on January 5, 2024 (Doc. 39), and made his initial appearance on January 8, 2024 (Doc. 19). The government moved to detain Mr. Gordon-Greenwood, and the Court ordered his preliminary detention pending a detention hearing which occurred on January 11, 2024. (Doc. 20.) Before Mr. Gordon-Greenwood's detention hearing, Pretrial Services submitted a Report and Addendum pursuant to 18 U.S.C. § 3154(1). (Docs. 24, 25.) In the Report, Mr. Gordon-Greenwood advised that he lived with his sibling at a Saint Paul, Minnesota address, and was in a relationship with Simone Davis. (Doc. 24.) Both the Report and Addendum included information about Mr. Gordon-Greenwood's criminal history and pending charges, with the Addendum providing more detail. (*See generally* Docs. 24, 25.) According to the Addendum, Mr. Gordon-Greenwood's criminal history includes felony convictions for drug possession and drug sale (occurring in 2016); identity theft (also occurring in 2016); as well as damage to property and fleeing police (occurring in 2023). (Doc. 25 at 3-5.) Mr. Gordon-Greenwood failed to appear for felony-level court proceedings at least seven times. (Doc. 25 at 3-4.) Additionally, at least two of Mr. Gordon-Greenwood's more serious matters appear to have occurred *after* the offense conduct in this case: felon-in-possession charges pending from a January 21, 2023 police encounter in which officers found a gun

in Mr. Gordon-Greenwood's pocket; and his 2023 fleeing and damage to property convictions stemming from an October 8, 2022 encounter in which Mr. Gordon-Greenwood refused to exit his vehicle during a traffic stop, rammed a squad car, and fled the scene. (Doc. 25 at 4-5.) Finally, as noted in the Addendum, Mr. Gordon-Greenwood's current state probation officer reported that Mr. Gordon-Greenwood was not responsive, gave multiple unverified addresses, did not provide employment verification, did not show up for drug testing, and was, in the officer's estimation "a significant danger to public safety." (Doc. 25 at 2.)

On January 11, 2024, the Honorable Dulce J. Foster held a detention hearing for Mr. Gordon-Greenwood. Both sides proffered evidence to the Court based on the Pretrial Services Report and Addendum. The government presented live witness testimony from Dakota County Task Force Officer Agent Geoffrey Latsch, who was subject to cross-examination by Mr. Gordon-Greenwood's counsel.[1] The evidence presented to Magistrate Judge Foster established[2] that in July 2022, law enforcement executed a search warrant of Mr. Gordon-Greenwood's residence after it intercepted a package containing approximately 51,000 fentanyl pills destined for his residence. Mr. Gordon-Greenwood was present and detained during the search. Law enforcement located and seized a firearm next to Mr. Gordon-Greenwood's identification. Seizure of a cellular phone associated with

---

[1] While neither party has requested a transcript of the detention hearing, this Court has reviewed the audio recording of the proceeding.
[2] Mr. Gordon-Greenwood is, of course, entitled to the presumption of innocence, but the Court must consider the nature and circumstances of the alleged offense in deciding whether release or detention a defendant. 18 U.S.C. § 3142(g), (j).

Mr. Gordon-Greenwood revealed evidence consistent with drug trafficking. Once a federal warrant was issued, officers attempted to arrest Mr. Gordon-Greenwood via a traffic stop, but the vehicle he was in fled at a high rate of speed, running through red lights as it escaped. Officers eventually arrested Mr. Gordon-Greenwood in his residence, having to force entry even though Mr. Gordon-Greenwood looked at officers through a window as they announced their presence and asked him to come out.

Based on the evidence presented, Magistrate Judge Foster detained Mr. Gordon-Greenwood, finding that no condition or combination of conditions could mitigate the risk to community safety or assure Mr. Gordon-Greenwood would appear for future Court appearances. (Doc. 38 at 2, 4.) The Court referenced the large amount of controlled substances and presence of a loaded firearm; Mr. Gordon-Greenwood's criminal history, including illegal drug and gun possession; and his lack of success on state probation, as reasons for detaining him. (*Id.* at 2-3.)

On February 6, 2024, Mr. Gordon-Greenwood filed a *pro se* Motion for Release from Custody. (Doc. 49.) The Court denied Mr. Gordon-Greenwood's motion, noting that he had been detained following a hearing, and that nothing in his submissions supported reconsideration of the Court's earlier detention order. (Doc. 50.) The Court also advised Mr. Gordon-Greenwood to proceed through his appointed counsel going forward, rather than submit *pro se* filings. (*Id.*)

On March 25, 2024, Mr. Gordon-Greenwood filed a motion to reconsider detention. (Doc. 72.) This motion (submitted through counsel) asserts that changed circumstances warrant Mr. Gordon-Greenwood's release. He shares a child with Dynasty Reed and acts

4

as a co-parent to all of Ms. Reed's children. (*Id.* at 2; Doc. 72-1 at 1.) Tragically, one of Ms. Reed's children unexpectedly passed away on March 9, 2024. (Docs. 72 at 2; 72-1 at 2.) Ms. Reed is emotionally overwhelmed and struggling, particularly without Mr. Gordon-Greenwood's support. (Doc. 72-1 at 1, 2.) Mr. Gordon-Greenwood asks the Court to reconsider its earlier detention decision so that he can provide emotional and financial support to Ms. Reed, as well as to his and Ms. Reed's children. (Doc. 72 at 1-2.) Mr. Gordon-Greenwood suggests that a halfway-house placement or electronic monitoring would assuage any concerns of community safety or flight risk, noting that just last year he self-surrendered for a jail term in Ramsey County. (*Id.* at 2.)

The government persists in opposing Mr. Gordon-Greenwood's release, asserting that the Court's prior decision was well-supported and that Mr. Gordon-Greenwood has failed to meet the burden for reopening a detention hearing. (Doc. 76.)

## ANALYSIS

Courts deciding whether to release or detain federal defendants do not have unbridled discretion. Rather, the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, provides considerable guidance and, in some circumstances, mandates. For cases like Mr. Gordon-Greenwood's (that is, offenses involving felony firearm possession, or drug charges with a maximum penalty of more than 10 years' imprisonment), the Court must hold a detention hearing where the government moves for one. 18 U.S.C. § 3142(f)(1)(C), (E). At that hearing, the Court's task is to determine whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

> When making a detention determination under 18 U.SC. § 3142, courts consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community, and the risk of flight, which the defendant's release would pose.

*United States v. Graham*, 452 F. Supp. 3d 871, 877 (D. Minn. 2020) (citing 18 U.S.C. § 3142(g)).

As noted above, Mr. Gordon-Greenwood has already had a detention hearing, and does not assert that it was procedurally unsound or substantively unfair. (Doc. 72 at 2 ("Mr. Gordon-Greenwood does not seek to relitigate the issue of detention on the information presented at the prior hearing.").) Rather, he seeks reconsideration of detention because of the new familial information outlined above.

Based on Mr. Gordon-Greenwood's arguments and citations, the Court understands him not to be seeking reconsideration of detention, but a *reopening* of his detention hearing. (*See* Doc. 72 at 1 (citing provision of Bail Reform Act concerning reopening of detention hearing).) The difference is more than nomenclature: reconsideration could be construed to mean Mr. Gordon-Greenwood is seeking a fresh look at what Magistrate Judge Foster decided based on the record before her. And the Bail Reform Act does provide for such a review. *See* 18 U.S.C. § 3145(b), (c).

But a motion to reopen is different, since it seeks to include additional information that was not presented during the original detention hearing and asks a Court to weigh anew the detention decision with updated information. 18 U.S.C. § 3142(f).[3] In order to reopen

---

[3] Title 18, section 3142(f) states in relevant part:

6

the hearing, the information proffered must be more than just newly discovered; Mr. Gordon-Greenwood "must also show that this new information 'is material to and has a substantial bearing on whether the defendant should remain detained.'" *United States v. Hallmon*, No. 22-cr-365 (KMM/DTS), 2023 WL 3116747, at *3 (D. Minn. Apr. 27, 2023) (quoting *United States v. Thomas Petters*, No. 08-cr-364 (RHK/AJB), 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009); *see also United States v. Schaefer*, No 22-cr-283 (SRN/TNL), 2023 WL 111980, at *1 (D. Minn. Jan. 5, 2023). In other words, a defendant seeking to reopen must demonstrate how the new information "would reduce his risk of nonappearance or the risk that he poses to the community together with the remaining § 3142(g) factors." *United States v. Hall*, No. 19-cr-103 (MJD/ECW), 2020 WL 2992400, at *2 (D. Minn. June 4, 2020) (collecting cases).

The Court is sympathetic to Mr. Gordon-Greenwood's family circumstances. There is no question that the death of Ms. Reed's young child was tragic, unexpected, and that its effects reverberate far beyond Ms. Reed. And, in some cases, significant changes in familial circumstances may support reopening of a detention hearing. But it does not here. Mr. Gordon-Greenwood appears to have engaged in very serious criminal conduct *after* the offense conduct here, at a time he should have known he was under law enforcement's

---

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

scrutiny. After all, he was home during a July 2022 search, which was prompted by his attempted possession of over fifty thousand fentanyl pills, where a gun was found next to his identification. Yet just a few months later, Mr. Gordon-Greenwood rammed a squad car and fled from police in a stolen vehicle which contained a loaded handgun. (Doc 25 at 5.) A few months after that, Mr. Gordon-Greenwood found himself charged with being a felon in possession of a firearm (stemming from conduct in January 2023) and has failed to appear for court three times for that matter. (*Id.*) As Magistrate Judge Foster observed during Mr. Gordon-Greenwood's detention hearing, his history reflects a pattern of attempting to evade law enforcement and court process, be it through failing to appear for court, avoiding his responsibilities to his supervising state probation officer, or fleeing law enforcement during attempts to detain him.

The Court cannot overlook Mr. Gordon-Greenwood's recent criminal conduct and his reaction to charges stemming from that conduct. Since his arrest for the offense conduct underlying his federal charges, Mr. Gordon-Greenwood was involved in two separate, serious state criminal matters—both of which involved concerning risks to public safety *and* nonappearance (or flight). His state probation officer detailed a history of evasive and unresponsive conduct. That all remains unaffected by the changed circumstances that Mr. Gordon-Greenwood relies on. So, while the Court extends sincere condolences to Mr. Gordon-Greenwood and his family, there is simply no basis to reopen the detention hearing here. Mr. Gordon-Greenwood's motion is therefore denied.

Dated: April 4, 2024            <u>*s/Douglas L. Micko*</u>
Honorable Douglas L. Micko
United States Magistrate Judge