UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Kurtis Lavonte Gordon-Greenwood et al,<br><br>Defendants. | No. 23-cr-339 (DWF/DLM)<br><br><br><br>**ORDER** |

This case is before the Court on non-dispositive and dispositive pretrial motions filed by the United States of America and Defendants Kurtis Gordon-Greenwood, and Joshua Howse. The Court held a motions hearing on April 29, 2024, to hear oral argument and review the evidence relevant to the parties' motions. Assistant United States Attorney Thomas Hollenhorst, Esq., appeared on behalf of the United States, Jill Brisbois, Esq., appeared on behalf of Mr. Gordon-Greenwood, and Jean Brandl, Esq., appeared on behalf of Mr. Howse. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

Based on the files, records, and proceedings above, **IT IS ORDERED** that:

1. The government's Motion for Discovery (Doc. 22) is **GRANTED**.

2. Mr. Gordon-Greenwood's Motion for Disclosure and to Make Informants Available for Interview (Doc. 56) is **DENIED**.

3. Mr. Gordon-Greenwood's Motion for Discovery and Inspection (Doc. 57) is **GRANTED** to the extent that the discovery sought is within the bounds of Federal Rule of Criminal Procedure 16.

4. Mr. Gordon-Greenwood's Motion to Retain Rough Notes (Doc. 58) is **GRANTED**.

5. Mr. Gordon-Greenwood's Motion for Disclosure of Jencks Act Material (Doc. 59) is **DENIED**. The Court lacks authority to order disclosure of the statements of prosecution witnesses before the conclusion of the witness's direct examination. 18 U.S.C. § 3500. "[A]lthough in many cases the government freely discloses Jencks Act material to the defense in advance of trial, . . . the government may not be required to do so." *United States v. Wilson*, 102 F.3d 968, 971–72 (8th Cir. 1996) (quoting *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984)). The Court understands that the government has already disclosed Jencks materials and intends to disclose any undisclosed materials no later than three days before trial. The Court requests—although it cannot require—that the government make these disclosures at least **one week** before trial to facilitate the prompt resolution of any resulting motions in limine.

6. Mr. Gordon-Greenwood's Motion for Release of *Brady* Materials (Doc. 60) is **GRANTED**. As it agreed to do, and as required by governing law, the government must disclose exculpatory and impeaching information, and must do so as soon as it comes into possession of the information. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

7. Mr. Gordon-Greenwood's Motion for Disclosure of Prior Convictions and Bad Acts[1] (Doc. 63) is **GRANTED**. The government must provide disclosures no later than **2 weeks** before trial. If the government discovers any Rule 404(b) evidence after the deadline, it must produce the evidence as soon as possible. Although this portion of this Order does not extend to evidence that is intrinsic to the charged offense, *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014), the disclosure of such evidence may be required under other legal authority.

8. Mr. Gordon-Greenwood's Motion for Disclosure of Grand Jury Minutes and Transcripts (Doc. 64) is **DENIED** to the extent that his requested disclosures are inconsistent with Fed. R. Crim. P. 16(a)(1)(B)(iii). The Court encourages the government to make these disclosures at least **one week** before trial to avoid unnecessary delays.

9. Mr. Howse's Motion for Disclosure of 404(b) Evidence (Doc. 66) is **GRANTED**. The government must provide disclosures no later than **2 weeks** before trial. If the government discovers any Rule 404(b) evidence after the deadline, it must produce the evidence as soon as possible. Although this portion of this Order does not extend to evidence that is intrinsic to the charged offense, *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014), the disclosure of such evidence may be required under other legal authority.

---

[1] The Court construes Mr. Gordon-Greenwood's motion as one for disclosure of Federal Rule of Evidence 404(b) evidence.

10. Mr. Howse's Motion for Disclosure and Make Informant Available for Interview (Doc. 67) is **DENIED**.

11. Mr. Howse's Motion to Retain Rough Notes (Doc. 68) is **GRANTED**.

12. Mr. Howse's Motion to Disclose Evidence Favorable to the Defendant (Doc. 69) is **GRANTED**. As it agreed to do, and as required by governing law, the United States must disclose exculpatory and impeaching information, and must do so as soon as it comes into possession of the information. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

13. Mr. Howse's Motion for Disclosure of Jencks Act Material (Doc. 70) is **DENIED**. The Court lacks authority to order disclosure of the statements of prosecution witnesses before the conclusion of the witness's direct examination. 18 U.S.C. § 3500. "[A]lthough in many cases the government freely discloses Jencks Act material to the defense in advance of trial, . . . the government may not be required to do so." *United States v. Wilson*, 102 F.3d 968, 971–72 (8th Cir. 1996) (quoting *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984)). The Court understands that the government has already disclosed Jencks materials and intends to disclose any undisclosed materials no later than three days before trial. The Court requests—although it cannot require—that the government make these disclosures at least **one week** before trial to facilitate the prompt resolution of any resulting motions in limine.

14. At the motions hearing, Mr. Gordon-Greenwood sought to make a *pro se* motion pursuant to UCC, presumably referring to the Uniform Commercial

4

Code. The Court construed Mr. Gordon-Greenwood's motion as one for leave to file a motion out of time and *pro se*, which the Court denied.

15. Mr. Howse's Motion to Suppress Statements Obtained During a Custodial Interrogation (Doc. 54) and Mr. Gordon-Greenwood's Motion to Suppress Evidence Obtained by Search Warrants (Doc. 55) shall be the subject of a separate report and recommendation to be prepared by the Court following the close of briefing on those motions.

DATED: May 6, 2024                     <u>s/Douglas L. Micko</u>
                                        DOUGLAS L. MICKO
                                        United States Magistrate Judge