UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-339 (DWF/DLM) |
| Plaintiff, | |
| v. | |
| Kurtis Lavonte Gordon-Greenwood, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Kurtis Lavonte Gordon-Greenwood's *pro se* motion for permission to file interlocutory appeal. (Doc. No. 164.) The United States of America (the "Government") opposes the motion. (Doc. No. 166.) For the reasons discussed below, the Court denies Defendant's request.

## BACKGROUND

Gordon-Greenwood was charged with conspiracy to distribute fentanyl, attempted possession with intent to distribute fentanyl, and being a felon in possession of a firearm on November 9, 2023. (Doc. No. 1.) Gordon-Greenwood filed a motion to suppress evidence obtained by search warrants on March 18, 2024. (Doc. No. 55.) Magistrate Judge Douglas L. Micko held a hearing on this motion on April 29, 2024. (Doc. No. 92.) Between this hearing and the issuance of the Report and Recommendation ("R&R"), the Court issued an order allowing Gordon-Greenwood's attorney to withdraw and allowing Gordon-Greenwood to proceed *pro se*. (Doc. No. 118.) Magistrate Judge Micko issued

an R&R on September 30, 2024, recommending the denial of Gordon-Greenwood's motion to suppress. (Doc. No. 154.) This Court has not yet issued an order on that R&R, nor made a final determination on Gordon-Greenwood's motion to suppress.

Following the issuance of the R&R, Gordon-Greenwood requested an extension of time to file his objections to the R&R, (Doc. No. 155), which the Court granted, (Doc. No. 156). Subsequently, Gordon-Greenwood filed two identical *pro se* motions for interlocutory injunction. (Doc. Nos. 157, 158.) In these motions, Gordon-Greenwood alleged that the Government failed to release *Brady* material and requested a hearing on the violations. He further wrote: "It is unreasonable to expect that I make and file objections to the Report and Recommendation without this material evidence or that I file a briefing in [sic] to begin with." (Doc. No. 157 at 1; Doc. No. 158 at 1.) He further alleged that the withdrawal of his attorney "prejudiced [his] ability to formulate [his] defense." (Doc. No. 157 at 1; Doc. No. 158 at 1.) A few days later, he also filed a motion for extension of time to file his objections to the R&R. (Doc. No. 159.) On October 24, 2024, the Court issued the following text order (the "October 24th Text Order"):

> Text Only Order as to Kurtis Lavonte Gordon-Greenwood. On October 18, 2024, Mr. Gordon-Greenwood has filed two documents (Doc. Nos. 157, 158) entitled Motion for Interlocutory Injunction on Criminal Case. In both documents, he accuses the Government of Brady violations and states that "[i]t is unreasonable to expect that I make and file objections to the Report and Recommendation without this material evidence." The Court presumes Mr. Gordon-Greenwood is referring to the Report and Recommendation issued on September 30, 2024 (Doc. No. 154). The Court has already granted Mr. Gordon-Greenwoods Motion for Extension of Time to File Objections to the Report and Recommendation (Doc. No. 155), and those objections are not due until October 23, 2024. Mr. Gordon-Greenwoods

> Motions for Interlocutory Injunctions suggest Mr. Gordon-Greenwood cannot comply with the October 23, 2024 deadline. On October 23, 2024, Mr. Gordon-Greenwood filed a subsequent Motion for Extension of Time to File Objections to the Report and Recommendation (Doc. No 159); the Court grants the extension and Objections to the Report and Recommendation shall be due on or before November 25, 2024. (Objections to R&R due by 11/25/2024. Responses to Objections to R&R due by 12/9/2024. Order on R&R Issue Date 1/8/2025.) All other requested relief in Mr. Gordon-Greenwoods Motions for Interlocutory Injunctions (Doc. Nos. 157 & 158) are DENIED. Ordered by Judge Donovan W. Frank on 10/24/2024. (las) cc: Gordon-Greenwood. Modified text on 10/24/2024 (ACH). (Entered: 10/24/2024)

(Doc. No. 160.)

Gordon-Greenwood filed a document on November 6, 2024, styled as a notice of appeal as to the October 24th Text Order. (Doc. No. 164.) As explained previously, the Court views this filing as a motion for permission to file an interlocutory appeal.[1] (Doc. No. 165.)

## DISCUSSION

The federal courts of appeal only have jurisdiction over appeals from "final decisions." 28 U.S.C. § 1291. Under the collateral order doctrine, interlocutory appeals to the courts of appeal are allowed in criminal cases when the order "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment." *United States v. Bernard*, 42 F.4th 905, 908 (8th Cir. 2022) (alterations in

---

[1] Gordon-Greenwood has also filed a separate motion to compel discovery and *Brady* material, to which the Magistrate Judge has yet to issue an order. (Doc. No. 162.) The Court does not address this request here and anticipates that the Magistrate Judge will issue a separate order on this motion.

original) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). The collateral order doctrine applies to very few categories of orders and is applied "with the utmost strictness in criminal cases." *Flanagan v. United States*, 465 U.S. 259, 265 (1984). The Supreme Court has found that prejudgment appellate review is available for the following interlocutory orders: (1) the denial of a motion to reduce bail; (2) the denial of a motion to dismiss an indictment on double jeopardy grounds; (3) the denial of a motion to dismiss the indictment on speech and debate grounds; and (4) a district court order requiring that a defendant be involuntarily medicated to restore his competency to stand trial. *Sell v. United States*, 539 U.S. 166, 176-77 (2003); *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265-66 (1982). Importantly, each of these orders concerns "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Flanagan*, 465 U.S. at 266 (quoting *Hollywood Motor Car*, 458 U.S. at 266).

The October 24th Text Order is not one of the four order types recognized by the Supreme Court. Further, the October 24th Text Order does not meet the three requirements under the collateral order doctrine. It also does not involve a right that would lose its legal and practical value if such an appeal were not allowed before trial. The October 24th Text Order deals primarily with extending Gordon-Greenwood's deadline to object to the R&R. That extension was granted. He may make additional extension requests if he requires additional time. His motions touched on alleged *Brady* violations, but he has not made any showing that the October 24th Text Order resolved those issues nor that they would be unreviewable after final judgment in this case.

4

Moreover, Gordon-Greenwood has filed a separate motion to compel discovery and the disclosure of *Brady* material which has not yet been addressed by the Magistrate Judge. Accordingly, the October 24th Text Order is not eligible for prejudgment appellate review under the collateral order doctrine. Gordon-Greenwood's request is denied.

### ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kurtis Lavonte Gordon-Greenwood's motion for permission to file an interlocutory appeal (Doc. No. [164]) is **DENIED**.

Dated: November 15, 2024                s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge