## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                              Criminal No. 23-339(1&2) (DWF/DLM)

                Plaintiff,

v.                                                     **ORDER ADOPTING REPORT**
                                                       **AND RECOMMENDATION**

Kurtis Lavonte Gordon-Greenwood,
Joshua Lanard Howse,

                Defendants.

## INTRODUCTION

Defendant Kurtis Lavonte Gordon-Greenwood moves to suppress evidence obtained under four search warrants. (Doc. No. 55.) Defendant Joshua Lanard Howse moves to suppress a statement obtained during custodial interrogation. (Doc. No. 54.) In a Report and Recommendation ("R&R"), Magistrate Judge Douglas L. Micko recommended denying Gordon-Greenwood's motion and denying Howse's motion as moot. (Doc. No. 154.) Gordon-Greenwood filed objections to the R&R. (Doc. No. 171.) The United States of America (the "Government") opposes his objections. (Doc. No. 175.) Howse did not file objections to the R&R. As no objections have been filed by Howse, the Court adopts the Magistrate Judge's recommendation and denies the motion as moot. Despite being untimely, the Court considers Gordon-Greenwood's objections below. After a careful review, the Court adopts the Magistrate Judge's recommendation and denies the motion.

## DISCUSSION

The Court has reviewed the record, including a review of the arguments and submissions of counsel, as required by 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). When objections are untimely or no objections have been filed, an R&R is reviewed for clear error.[1]  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment, subdiv. b ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  The relevant factual and procedural background for this matter is clearly and precisely set forth in Magistrate Judge Micko's R&R and is incorporated by reference.

## I.    Defendant Gordon-Greenwood's Motion to Suppress

First, Magistrate Judge Micko concluded that all four search warrants involving Gordon-Greenwood were supported by probable cause, and therefore, he recommended the denial of Gordon-Greenwood's motion to suppress.  (Doc. No. 154 at 16, 19, 21.)  He also found that even if the warrants had not been supported by probable cause, the *Leon* good-faith exception would apply to each warrant.  (*Id.* at 16, 20-21.)  The Court addresses each warrant and Gordon-Greenwood's related objections in turn.

The first warrant was for the installation and use of a pen register, trap, and trace device and a GPS tracking device on Gordon-Greenwood's cell phone for a two-month

---

[1]    The result in this case would be the same if the Court had reviewed it under the de novo standard of review.

period.  (*Id.* at 3.)  Magistrate Judge Micko found that the issuing judge had a substantial

basis to find probable cause because the supporting affidavit connected Gordon-

Greenwood to the phone number through multiple sources and demonstrated sufficient

nexus between that phone number and criminal activity.  (*Id.* at 14-16.)  In his objections,

Gordon-Greenwood makes many arguments, including that the evidence supporting the

warrant is vague and speculative, there are no indicia of reliability to support any

information supplied by a confidential informant, and the training and experience of the

affiant alone is not enough to support the warrant.  (Doc. No. 171 at 2-3.)  Additionally,

he cites cases where different kinds of evidence supported a warrant—kinds of evidence

that are not present here—and argues that this warrant was not supported by probable

cause because it lacks those kinds of supporting evidence.  (*Id.* at 2-4.)

The Court agrees with Magistrate Judge Micko that there was a substantial basis to

support the issuing judge's finding of probable cause.  The supporting affidavit is very

detailed and contains information about not only the affiant's training and experience, but

also information from multiple sources linking Gordon-Greenwood to the phone number

in question and information linking Gordon-Greenwood's phone number to drug

trafficking activity.  (Doc. No. 154 at 4-6.)  Some of that information included text

messages sent to and from Gordon-Greenwood's phone number and other phone data.

(*Id.*)  This information is not vague or speculative whatsoever.  Further, the warrant only

mentions working with a confidential informant generally, not that they were the source

of any of the information gathered on Gordon-Greenwood.  Most of this information was

gathered because of prior search warrants executed against Gordon-Greenwood's alleged co-conspirators. This evidence provided a substantial basis for probable cause.

As for the purported "missing facts," probable cause determinations are made on a case-by-case basis. While comparison to other cases is certainly important for fleshing out the meaning of probable cause, not all circumstances present in previous cases must be present for probable cause to exist in a new case. *See Illinois v. Gates*, 462 U.S. 213, 232 (1983) ("[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules."). Probable cause is determined by analyzing the totality of the circumstances in the specific case before a court. *See United States v. Gabrio*, 295 F.3d 880, 882-83 (8th Cir. 2002). Looking at the particular facts of this case, the Court agrees with Magistrate Judge Micko that the evidence in the supporting affidavit provided a substantial basis for the issuing judge to find probable cause.

The second warrant was to search an apartment associated with Gordon-Greenwood. (Doc. No. 154 at 3.) Magistrate Judge Micko concluded that because the first warrant was constitutional, the second warrant was not fruit of the poisonous tree, and further, he found that the dog sniff conducted in the common hallway of the apartment building was constitutional. (*Id.* at 17-18.) Therefore, he concluded that a substantial basis supported the issuing judge's finding of probable cause. (*Id.* at 19.) In his objections, Gordon-Greenwood reasserts that this warrant is fruit of the poisonous tree and the dog sniff supporting the warrant was unconstitutional because the affiant lied about the dog's training and certification. (Doc. No. 171 at 7.)

The Court agrees with Magistrate Judge Micko that the issuing judge had a substantial basis to find probable cause. Because the Court found above that the first warrant is constitutional, the second warrant cannot be fruit of the poisonous tree. As for the dog sniff, Gordon-Greenwood has not provided sufficient evidence to show that the dog sniff was unreliable, and consequently, that Magistrate Judge Micko's recommendation is clear error. "If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search." *Florida v. Harris*, 568 U.S. 237, 246-47 (2013). The affiant explained that the dog in this case was certified by the U.S. Police Canine Association. (Doc. No. 154 at 9.) Gordon-Greenwood argues that the affiant lied about the dog's training records and provided the dog's training records from April 5, 2021 through June 30, 2022, indicating that the dog completed 89.2 training hours during that period. (Doc. No. 171, Ex. A.) In the supporting affidavit, the affiant said the dog had completed more than 100 training hours.

While there is a slight difference in hours between the affidavit statement and the records provided, Gordon-Greenwood does not explain whether the dog received any training prior to April 5, 2021, or after June 30, 2022, especially given that the dog sniff was conducted on July 7, 2022. Additionally, Gordon-Greenwood fails to explain how the slight difference in training hours makes the dog sniff unreliable, especially given that the dog was properly certified. Further, the affiant's alleged misstatement about training hours does not appear to be a reckless disregard for the truth, but rather negligence or an innocent mistake. *See United States v. Finley*, 612 F.3d 998, 1002 (8th Cir. 2010).

5

Therefore, the Court concludes that the issuing judge had a substantial basis to find probable cause.

The third warrant was to search a FedEx package discovered because of the apartment search conducted under the second warrant. (Doc. No. 154 at 3.) Magistrate Judge Micko found that the issuing judge had a substantial basis to find probable cause because the information in the supporting affidavit was not fruit of the poisonous tree. (*Id.* at 21.) In his objections, Gordon-Greenwood repeats his argument that this warrant is fruit of the poisonous tree. (Doc. No. 171 at 8.) Because the Court found above that the first and second warrants are constitutional, this warrant cannot be fruit of the poisonous tree. Therefore, the Court concludes that the issuing judge had a substantial basis to find probable cause.

The fourth warrant was to search the contents of Gordon-Greenwood's cellphones and laptops discovered during the apartment search conducted under the second warrant. (Doc. No. 154 at 3.) As with the third warrant, Magistrate Judge Micko found that the issuing judge had a substantial basis to find probable cause because the information in the supporting affidavit was not fruit of the poisonous tree. (*Id.* at 21.) Gordon-Greenwood did not make a separate objection for this warrant. Accordingly, the Court adopts Magistrate Judge Micko's recommendation and finds that the issuing judge had a substantial basis to find probable cause.

Upon finding that all four challenged search warrants are constitutional, the Court denies Gordon-Greenwood's motion to suppress.[2]

## II.     Defendant Howse's Motion to Suppress

Second, Magistrate Judge Micko recommended denying Howse's motion to suppress as moot because the Government represented that it will not offer Howse's statements in its case-in-chief at trial.  (Doc. No. 154 at 11.)  Howse did not file any objections to the R&R within the time permitted by Local Rule 72.2(b)(1) and the Court does not find any clear error in this recommendation.  Accordingly, the Court denies Howse's motion to suppress as moot.

## ORDER

Based upon the Court's careful review of the R&R and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Defendant Kurtis Lavonte Gordon-Greenwood's objections (Doc. No. [171]) to Magistrate Judge Douglas L. Micko's September 30, 2024 Report and Recommendation are **OVERRULED**.

2.      Magistrate Judge Douglas L. Micko's September 30, 2024 Report and Recommendation (Doc. No. [154]) is **ADOPTED**.

---

[2]      Because the Court finds that each of the warrants was supported by probable cause, the Court need not address the parties' arguments about the application of the *Leon* good-faith exception.  However, the Court notes its agreement with Magistrate Judge Micko's conclusion that the good-faith exception would apply to all four warrants.

3.    Defendant Kurtis Lavonte Gordon-Greenwood's motion to suppress evidence obtained by search warrants (Doc. No. [55]) is **DENIED**.

4.    Defendant Joshua Lanard Howse's motion to suppress statement obtained during a custodial interrogation (Doc. No. [54]) is **DENIED AS MOOT**.

Dated:  January 6, 2025                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge