UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-339(1) (DWF/DLM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Kurtis Lavonte Gordon-Greenwood, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Kurtis Lavonte Gordon-Greenwood's letter requesting "essential documents and information." (Doc. No. 183.)

## DISCUSSION

First, Gordon-Greenwood requests documents outlining the nature and cause of the accusations against him and all charging instruments in this case. The Court interprets this request as a general request for a copy of the indictment. The Court will request that the Clerk of Court provide Gordon-Greenwood with a copy of the indictment. If Gordon-Greenwood wishes to request other copies in the future, he should communicate such requests directly with the Clerk's office or his standby counsel.

Second, Gordon-Greenwood requests a bill of particulars. Under Federal Rule of Criminal Procedure 7(f), a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." As more than 14 days have passed since Gordon-Greenwood was arraigned, he would need Court

permission to file a motion for a bill of particulars. Thus, the Court interprets this letter as a request for permission to file a motion for a bill of particulars. A court need not order a bill of particulars when the indictment enables the defendant "to understand the nature of the charges, prepare a defense, and avoid unfair surprise." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011). Based on the Court's review of the indictment and the disclosures made thus far by the Government (*see* Doc. No. 167), a bill of particulars is not necessary for Gordon-Greenwood to understand the nature of the charges, prepare a defense, or to avoid the danger of surprise at trial. Accordingly, the Court denies his request.

   Third, Gordon-Greenwood requests a copy of the grand jury transcript, including verified signatures of the Assistant U.S. Attorneys and the grand jury foreperson. Grand jury transcripts are "generally not discoverable on pretrial motion." *United States v. Pelton*, 578 F.2d 701, 709 (8th Cir. 1978). A grand jury transcript may be discoverable before trial under Rule 6 or portions of it may be available at trial under 18 U.S.C. § 3500. *Id.* Under Rule 6(e)(3)(E)(ii), a court may authorize disclosure of a grand jury transcript "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." A defendant must make "a showing of 'particularized need'" before a court will allow such disclosure. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). A bare assertion that records are necessary is not sufficient. *Id.* Here, Gordon-Greenwood has not made a showing of a particularized need for the grand jury transcript. He simply requested the transcript without any explanation. Therefore, the Court denies his request.

Lastly, Gordon-Greenwood challenges the Court's subject matter jurisdiction over his case. Federal district courts have subject matter jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231; *see also Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 268-69 (2023). Gordon-Greenwood has been charged with (1) conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, (2) attempted possession with the intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and (3) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. No. 1.) These charges all allege violations of federal statutes; therefore, the Court has subject matter jurisdiction over this case.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. The Court respectfully requests that the Clerk of Court provide Gordon-Greenwood with a copy of the indictment (Doc. No. 1).

2. Defendant Kurtis Lavonte Gordon-Greenwood's request for permission to move for a bill of particulars (Doc. No. [183]) is **DENIED**.

3. Defendant Kurtis Lavonte Gordon-Greenwood's request for a copy of the grand jury transcript, including verified signatures of the Assistant U.S. Attorneys and the grand jury foreperson (Doc. No. [183]) is **DENIED**.

Dated: February 11, 2025            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge