UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-339(1) (DWF/DLM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Kurtis Lavonte Gordon-Greenwood, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Kurtis Lavonte Gordon-Greenwood's *pro se* notice of nonexistence and demand for immediate dismissal. (Doc. No. 186.) For the reasons set forth below, the Court respectfully denies his request.

## DISCUSSION

Gordon-Greenwood's most recent motion is a meritless attempt to dismiss the charges against him. He makes many nonsensical arguments and threatens the Court and the United States of America (the "Government") with civil and criminal action. The Court briefly addresses Gordon-Greenwood's allegations and refers him to his standby counsel for further explanation of legal authority.

Gordon-Greenwood challenges the Court's jurisdiction and the Government's standing. As the Court previously explained in its Order dated February 11, 2025, Gordon-Greenwood was charged via indictment with (1) conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, (2) attempted possession

with the intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and (3) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  (Doc. No. 1.)  Accordingly, the Court has subject-matter jurisdiction over this case, the Court has personal jurisdiction over Gordon-Greenwood, and the Government has the authority to prosecute this case.  18 U.S.C. § 3231; 28 U.S.C. § 547; *United States v. Anderson*, 846 F. App'x 429, 430 (8th Cir. 2021) (per curiam) ("[T]he court had personal jurisdiction over [the defendant] because he was brought before it on a federal indictment.")

Gordon-Greenwood repeatedly demands production of a verified complaint or affidavit.  This case was properly charged via indictment.  The Clerk of Court recently sent Gordon-Greenwood an additional copy of this indictment.  (*See* Doc. No. 185.)  To the extent that he instead refers to the validity of the four warrants related to this case, the Court previously ruled on his motion questioning their validity, finding that all four warrants were supported by probable cause.  (Doc. No. 177.)

Gordon-Greenwood frequently mentions the imposition of bail.  Following his arraignment, Magistrate Judge Dulce J. Foster ordered Gordon-Greenwood's pretrial detention pursuant to 18 U.S.C. § 3142, finding that no condition or combination of conditions of release would reasonably assure his appearance at further proceedings or the safety of any other person and the community.  (Doc. No. 38.)  Gordon-Greenwood has remained in pretrial detention since then despite various attempts to reopen the matter.  (*See* Doc. Nos. 50, 79, 153.)

Gordon-Greenwood also alleges that his Sixth Amendment right to a speedy trial has been violated. This case is set for trial on April 7, 2025, which is well within the time bounds allowed by the Speedy Trial Act after considering the applicable time exclusions. 18 U.S.C. § 3161. If Gordon-Greenwood has further questions about how speedy trial deadlines are calculated, the Court suggests that he consult with his standby counsel.

In conclusion, Gordon-Greenwood has not raised any proper grounds for dismissing the charges against him. Accordingly, the Court denies his motion. Although Gordon-Greenwood has properly waived his constitutional right to counsel and chosen to proceed *pro se* (*see* Doc. No. 118), the Court echoes Magistrate Judge Micko's warning from June 2024 that proceeding to trial *pro se* would be unwise. His defense may suffer from the nonsensical nature of his arguments. The Court encourages Gordon-Greenwood to reconsider this decision.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Kurtis Lavonte Gordon-Greenwood's notice of nonexistence and demand for immediate dismissal (Doc. No. [186]) is respectfully **DENIED**.

Dated: February 25, 2025             s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge