UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-339(1) (DWF/DLM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Kurtis Lavonte Gordon-Greenwood, | |
| Defendant. | |

## INTRODUCTION

On March 27, 2025, the Court held a status conference in preparation for the upcoming jury trial in this case. (Doc. No. 221.) At that conference, Defendant Kurtis Lavonte Gordon-Greenwood reasserted various arguments in support of dismissal that the Court previously denied. The Court addresses the arguments for a final time below. The Court finds that there is no reason for it to dismiss this case. Instead, the case will proceed to trial.[1]

## DISCUSSION

At the March 27th status conference, Gordon-Greenwood made a variety of arguments to support dismissal of this case, including that: these claims are commercial, he is not the person charged in the indictment, there is no controversy or dispute in this matter, and he is owed a bond or other obligations by the United States of America (the

---

[1] Nothing in this Order should be construed to preclude further plea negotiations prior to the pretrial conference scheduled for April 4, 2025, should Gordon-Greenwood change his mind about accepting a plea offer.

"Government"). All of his arguments tend to challenge the authority or jurisdiction of the Court to proceed to trial.[2]

On November 9, 2023, the Government, acting through the United States Attorney's Office for the District of Minnesota (the "USAO"), filed an indictment charging Gordon-Greenwood with: (1) conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count I); (2) attempted possession with the intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count IV); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count V). These are criminal charges. They all come from sections of the U.S. Code, which is comprised of the laws enacted by Congress.

Gordon-Greenwood has mentioned many commercial terms including: "negotiable instrument," "tax liability," "obligation," "security agreement," and "debt collection." None of these terms are relevant to the three charged offenses in this *criminal* case. This is not a civil matter. The fact that criminal cases may involve money or an element of interstate commerce does not convert a criminal case into a civil case. Gordon-Greenwood cannot and has not filed a counterclaim against the Government in this case. If he has separate civil claims against the Government, he may file a separate civil action to assert those claims. This case will move forward to trial on the criminal charges alleged against him: the two fentanyl offenses and the firearm offense.

---

[2] Gordon-Greenwood asserts that his arguments are not properly characterized as "jurisdictional." He has also rejected the Court's characterization of his arguments as sovereign-citizen arguments. Regardless of how his arguments are characterized, they are meritless, and the Court rejects them.

As a federal district court, this Court has subject matter jurisdiction over the criminal charges brought against Gordon-Greenwood because they are "offenses against the laws of the United States." 18 U.S.C. § 3231; *see also Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 268-69 (2023). The laws of the United States include the U.S. Code. The Court has personal jurisdiction over Gordon-Greenwood because he was properly charged in this case via federal indictment. *United States v. Anderson*, 846 F. App'x 429, 430 (8th Cir. 2021) (per curiam). The USAO, acting through Assistant United States Attorney Thomas M. Hollenhorst, has the authority to prosecute these charges, as they are offenses against the laws of the United States. 28 U.S.C. § 547.

To the extent that Gordon-Greenwood claims he is not a citizen of the United States, that argument is irrelevant to the Court's jurisdiction over his case. "Laws of the United States apply to all persons within its borders. Even if [Defendant] were not a citizen of the United States . . . , he would be obliged to respect the laws of this nation." *United States v. Flores-Lagonas*, No. 15-cr-210, 2019 WL 7495401, at *2 (D. Minn. May 17, 2019) (alterations in original) (quoting *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003)). Gordon-Greenwood can be charged under the laws of the United States, and further, he is not entitled to any "immunity" as he alleges.

Gordon-Greenwood's suggestion that he is a distinct entity from the person charged in the indictment is meritless. He has introduced himself as the "authorized representative" of the defendant, stated that he is not the defendant "but a natural person, a living representative man," referred to himself as the "Surety, claimant, beneficial owner and Holder-in-due-course on account," and filed a "notice of nonexistence." "The

3

attempt to divide oneself into two separate entities . . . is a legal fiction and has been struck down consistently in courts around the country." *Santiago v. Century 21/PHH Mortg.*, No. 12-cv-2792, 2013 WL 1281776, at *5 (N.D. Ala. Mar. 27, 2013). The Government has properly alleged that the Gordon-Greenwood who appeared in front of the Court on March 27th is the same Gordon-Greenwood who is charged in the indictment. Gordon-Greenwood even provided a copy of his birth certificate to the Court demonstrating the same.[3] This supposed distinction has no basis in law.

Courts across the United States have consistently rejected theories of citizenship and immunity like the ones that Gordon-Greenwood has raised, including the Eighth Circuit Court of Appeals. *See, e.g.*, *United States v. Garcia*, 684 F. App'x 589, 589 (8th Cir. 2017) (per curiam) (mem.) (rejecting jurisdictional challenge based on defendant's assertion that he is a "private, sovereign, flesh and blood man" as meritless); *United States v. Watson*, 1 F.3d 733, 734 (8th Cir. 1993) (per curiam) (finding a related citizenship argument "meritless"); *United States v. Kruger*, 923 F.2d 587, 587-88 (8th Cir. 1991) (rejecting similar arguments as "absurd"); *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986) (finding an argument that the district court lacked personal jurisdiction over defendants because they are "Natural Freemen" to be "entirely

---

[3] Gordon-Greenwood suggested at the March 27th status conference that the Court and the Government are "holding" his birth certificate. That claim is false. Gordon-Greenwood submitted only a copy of his birth certificate to the Court. (*See* Doc. No. 203 at 7.) Additionally, the copy the Court received is not a valid copy as it does not contain an embossed seal from Cook County.

4

frivolous"). Accordingly, the Court finds that it has jurisdiction over Gordon-Greenwood's case and may proceed to trial.

Gordon-Greenwood raised a few additional issues that the Court addresses briefly. First, Gordon-Greenwood has repeatedly asserted that there is "no controversy" or "no dispute" in this matter and that there is no need to go to trial or that "going to trial would be willful blindness." The Court does not interpret these statements as an admission of guilt, but rather as Gordon-Greenwood's refusal to recognize the Court's jurisdiction over him in this criminal case. The remaining controversy is whether Gordon-Greenwood committed the two fentanyl offenses and the firearm offense alleged in the indictment. Given that Gordon-Greenwood has rejected all plea offers at this point, the Court and the parties must proceed to trial to resolve the remaining controversy.

Second, Gordon-Greenwood continues to assert that there is a bond in this case. He primarily uses the word "bond" in his citizenship claims, which the Court addressed above. To the extent that Gordon-Greenwood refers to bail, the Court reiterates that there is no bail or bond in this case. Following his arraignment, Magistrate Judge Dulce J. Foster ordered Gordon-Greenwood's pretrial detention pursuant to 18 U.S.C. § 3142, finding that no condition or combination of conditions of release would reasonably assure his appearance at further proceedings or the safety of any other person and the community. (Doc. No. 38.) Gordon-Greenwood has remained in pretrial detention since then despite various attempts to reopen the matter. (*See* Doc. Nos. 50, 79, 153.)

Lastly, Gordon-Greenwood seems to allege violations of the Thirteenth Amendment's prohibition of involuntary servitude and the Due Process Clause of the

Fourteenth Amendment. The Government and the Court have honored Gordon-Greenwood's constitutional rights in this case. He has not been subjected to involuntary servitude. He is receiving his due process. If Gordon-Greenwood wishes to persist in these arguments following a conviction, he will have the opportunity to do so through a direct appeal to the Eighth Circuit as well as other motions for postconviction relief or bringing a civil action against the Government.

## CONCLUSION

Given that the Court has jurisdiction, the Government has the authority to prosecute, and that Gordon-Greenwood does not have any immunity from the laws of the United States, this case must move forward. Gordon-Greenwood has not asserted any grounds that require dismissal of this criminal case against him, and he has rejected the Government's plea offers. (*See* Doc. Nos. 205, 221.) The only remaining option for Gordon-Greenwood on the alleged fentanyl and firearm offenses is going to trial.

The Court will address the remaining pretrial issues before it at the pretrial conference this Friday, April 4, 2025. (*See generally* Doc. Nos. 208-15, 217-19.) The Court will not rehash the arguments addressed in this Order at that time, nor at any future time, including during the jury trial. If Gordon-Greenwood is convicted following his jury trial, he will have the opportunity to make further argument on these matters on appeal to the Eighth Circuit. The only issue that will remain following the pretrial conference is whether the Government can prove beyond a reasonable doubt that Gordon-Greenwood committed the two fentanyl offenses and the firearm offense.

Lastly, the Court reiterates that Gordon-Greenwood's arguments are nonsensical and will not serve his best interest at trial. He has properly waived his constitutional right to counsel and properly invoked his right to represent himself, but that does not make this course of action wise. As the Eighth Circuit has explained: "frivolous behavior at trial is likely to result in an adverse jury reaction, but defendants have 'the right to represent themselves and go down in flames if they wish[], a right the district court [is] required to respect.'" *United States v. Smith*, 830 F.3d 803, 810 (8th Cir. 2016) (alterations in original) (quoting *United States v. Reed*, 668 F.3d 978, 986 (8th Cir. 2012)). The Court respects Gordon-Greenwood's right to proceed to trial as he sees fit but encourages him to further consider letting standby counsel take over his defense.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Kurtis Lavonte Gordon-Greenwood's oral motions for dismissal are respectfully **DENIED**.

Dated: March 31, 2025         s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge