UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-339(1) (DWF/DLM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Kurtis Lavonte Gordon-Greenwood, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Kurtis Lavonte Gordon-Greenwood's motion for judgment of acquittal (Doc. No. 245) and *pro se* demand for release (Doc. No. 247). The United States of America (the "Government") opposes the motions. (Doc. No. 254.) For the reasons set forth below, the Court respectfully denies the motions.

## BACKGROUND

Gordon-Greenwood was charged with conspiracy to distribute fentanyl, attempted possession with the intent to distribute fentanyl, and being a felon in possession of a firearm. (Doc. No. 1.) After a multi-day trial, a jury convicted Gordon-Greenwood on all counts. (Doc. No. 240.) Gordon-Greenwood now moves for a judgment of acquittal and demands his release. (Doc. Nos. 245, 247.)

## DISCUSSION

I.    **Motion for Judgment of Acquittal**

Rule 29 of the Federal Rules of Criminal Procedure provides that a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When deciding a motion for judgment of acquittal, the Court views the evidence and all reasonable inferences from it in the light most favorable to the jury's verdict. *United States v. Seibel*, 712 F.3d 1229, 1236 (8th Cir. 2013). If there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt, the verdict must be upheld. *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018).

Gordon-Greenwood argues that acquittal is appropriate because: (1) the Government did not offer any "solid proof" that the text messages introduced into evidence concerned fentanyl; (2) the Government did not show a conspiracy, only "a mere buyer/seller relationship"; (3) the Government did not provide reliable lab testing evidence; (4) the chain of custody of the fentanyl pills is questionable; (5) the Government presented no photos or videos of the University Avenue apartment search, only law enforcement testimony; (6) there was insufficient evidence to tie Gordon-Greenwood to the firearm found during the University Avenue apartment search; and (7) he did not have a jury of his peers based on the racial composition of the jury.

Based on a review of the evidence submitted at trial, the Court concludes that there was sufficient evidence for a reasonable jury to find Gordon-Greenwood guilty on all three counts. The Government presented a variety of evidence in support of its case,

including extensive evidence surrounding Gordon-Greenwood's trips to Arizona, a FedEx package containing $8,240 in cash, a UPS package addressed to the University Avenue apartment containing over 50,000 fentanyl pills, personal items linking Gordon-Greenwood to the University Avenue apartment where the firearm and FedEx receipt were found, text messages about drug sales, and other phone data.  Viewing the evidence in the light most favorable to the jury's verdict, the evidence was sufficient for a reasonable jury to return a guilty verdict on all three counts.

Gordon-Greenwood is correct that conspiracy cannot be proven by showing a mere buyer-seller relationship.  *See United States v. Conway*, 754 F.3d 580, 591-92 (8th Cir. 2014).  However, the Government presented sufficient evidence from which a reasonable jury could have found more than a buyer-seller relationship.  For example, the Government presented evidence about the trash pull at the home of Gordon-Greenwood's two co-defendants, his trips to Arizona, and the FedEx and UPS packages.

Gordon-Greenwood argues that there was insufficient evidence for the jury to find that he possessed the firearm found during the University Avenue apartment search.  Law enforcement found Gordon-Greenwood's identification card and other personal items in the television stand next to the firearm.  Further, law enforcement officers testified that Gordon-Greenwood was present at the apartment during the search.  This evidence is sufficient for a reasonable jury to have concluded that Gordon-Greenwood had constructive possession of the firearm.  A lack of forensic evidence does not preclude a reasonable jury from finding possession.  *See United States v. Porter*, 687 F.3d 918, 921

(8th Cir. 2012) (explaining that forensic evidence is not required to support a firearms conviction).

Gordon-Greenwood's arguments about other possible interpretations of the text messages, reliability of the lab testing and testimony, and reliance on law enforcement testimony without photo or video corroboration all ask the Court to reweigh the evidence and assess the credibility of the witnesses. A court may not assess the credibility of the witnesses or weigh the evidence on a motion for judgment of acquittal. *United States v. Lemoine*, 104 F.4th 679, 684 (8th Cir. 2024). The jury was entitled to rely on these pieces of evidence and find them credible in coming to its conclusions.

Gordon-Greenwood asserts that there is a gap in the chain of custody such that a reasonable jury could not attribute the drugs tested in the lab to him. The Government counters that there is no such gap. Regardless of whether there was a gap in the chain of custody as Gordon-Greenwood suggests, any alleged gap was for the jury to weigh. *Cf. United States v. Edwards*, 111 F.4th 919, 925 (8th Cir. 2024) (explaining that chain of custody questions usually go to the weight of the evidence). The Court cannot reweigh that evidence now. Viewing the evidence in the light most favorable to the jury's verdict, the evidence was sufficient for a reasonable jury to attribute the lab-tested drugs to Gordon-Greenwood and return a guilty verdict on the two fentanyl charges.

Gordon-Greenwood also challenges the racial composition of the petit jury. Gordon-Greenwood challenged the racial composition of the jury venire during voir dire. (Doc. No. 250 at 16-17.) The Court denied that challenge. (*Id.* at 17-18.) The Sixth Amendment's fair cross section requirement only applies to the composition of the jury

venire, not the petit jury. *Lockhart v. McCree*, 476 U.S. 162, 173-74 (1986). Therefore, Gordon-Greenwood's challenge to the racial composition of the petit jury has no legal basis and cannot support a judgment of acquittal.

In conclusion, the Court finds that there was sufficient evidence for a reasonable jury to find beyond a reasonable doubt that Gordon-Greenwood was guilty on all counts. Many of his challenges go to the weight of the evidence or the credibility of witnesses, which are solely within the province of the jury. His other challenges do not meet the high bar required for a judgment of acquittal. Thus, his motion is respectfully denied.

## II.    Demand for Release

Gordon-Greenwood demands his release citing Federal Rule of Criminal Procedure 46(g). (Doc. No. 247.) Rule 46(g) governs exoneration of a surety and release of any bail. As the Court has repeated several times, both orally and in writing, there is no bail or bond issue in this case. (*See, e.g.*, Doc. No. 190 at 2; Doc. No. 222 at 5.) Gordon-Greenwood has been detained since his arraignment. (*See* Doc. No. 38.) He continues to be detained pending sentencing. (*See* Doc. No. 237.) His claim that he is a distinct entity from the person charged and convicted in this case is meritless. Rule 46(g) provides no basis for Gordon-Greenwood's release. Accordingly, his demand is denied.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    Defendant Kurtis Lavonte Gordon-Greenwood's motion for judgment of acquittal (Doc. No. [245]) is respectfully **DENIED**.

5

6

2. Defendant Kurtis Lavonte Gordon-Greenwood's *pro se* demand for release (Doc. No. [247]) is respectfully **DENIED**.

Dated: May 20, 2025

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge